C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
**MATTHEW KARELEFSKY**,
:
                Plaintiff,
:
        – against –
:  **MEMORANDUM AND ORDER**
:  21-CV-3974 (LDH) (LB)
**JUDGE J. KONVISER**,
:
                Defendant.
:
------------------------------------------------------------ X

**Brian M. Cogan**, United States District Judge:

    Matthew Karelefsky, currently incarcerated on Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983 against Justice Jill Konviser of the Kings County Supreme Court. Plaintiff's request to proceed *in forma pauperis* is granted, but the complaint is dismissed on the ground of judicial immunity.

## BACKGROUND

    The complaint asserts claims relating to plaintiff's ongoing criminal court proceedings before Justice Konviser in Kings County Supreme Court. He claims that a court order (the "lockdown order"), supposedly issued by Justice Konviser, requires him to be "locked in a cell 24/7" on Rikers Island, and that he "was never told any reason for the lockdown." He alleges that he cannot send "legal or religious mail or mail to [his] kids," and that he cannot contact his lawyers. He claims that the lockdown order violates his "right to contact the media, freedom of speech, the right to practice [his] religion properly . . . , the right to proper mental health treatment, the right to contact lawyers," and further claims that as a result of the lockdown order, employees of the Department of Corrections and Community Supervision "took [his] Jewish

calendar and will not give [him] religious mail," in violation of his "right to follow [his] religion." Plaintiff also claims that Justice Konviser deprived him of his "right to a speedy trial," asserting that he has been in jail for "almost two years" and "should have had trial more than 1 year ago." He seeks his state court trial begin "immediately," and asks this Court to lift the "lock down order until then."

## DISCUSSION

Plaintiff is proceeding *pro se*, so I construe his complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Nevertheless, I must dismiss *sua sponte* an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A (the Court is required to screen complaints brought by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

Judges have absolute immunity for acts performed in their judicial capacities. *See Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018) (summary order) ("Judges acting in their judicial capacity are absolutely immune from suit, even where the plaintiff asserts constitutional violations under § 1983," citing *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. Immunity "can be overcome only if (1) the act is not taken in the judge's judicial capacity, or (2) the act, 'though judicial in nature, [is] taken in

2

the complete absence of all jurisdiction.'" *Burdick*, 717 F. App'x at 73 (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven*, 579 F.3d at 209. In addition, section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

The complaint here contains no allegations that Justice Konviser acted outside of her judicial capacity, or in excess of her jurisdiction. Every allegation that plaintiff makes concerns either orders that he contends were improperly entered, or actions that plaintiff contends that Justice Konviser should have taken but didn't, i.e., bringing him to trial. These allegations fall squarely within the scope of judicial immunity. Accordingly, plaintiff's complaint is dismissed because defendant is immune from suit. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]."); 28 U.S.C. § 1915A(b).[1]

## CONCLUSION

For the reasons stated above, plaintiff's action is dismissed. I have considered whether to allow plaintiff to file an amended complaint, but since every allegation he has made is based on Justice Konviser's lockdown order or her failure to start his trial in his ongoing criminal case, judicial immunity will prevent this action from going forward. Therefore, leave to amend is denied because it would be futile.

---

[1] To the extent that plaintiff seeks immediate release from custody, that is not relief that I have authority to provide in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (finding that a petition for habeas corpus is the exclusive means for seeking the relief of immediate release from prison; such relief is not cognizable under § 1983); *see also Poventud v. City of New York*, 750 F.3d 121, 128 (2d Cir. 2014); *Geer v. Brown*, No. 14-CV-6172, 2015 WL 4042166, at *4 (E.D.N.Y. July 1, 2015).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any in forma pauperis appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

<u>Digitally signed by Brian M. Cogan</u>
Brian M. Cogan
United States District Judge

Dated: Brooklyn, New York
April 20, 2022